# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEECHJEE FELICIA A. COON,**

    **Plaintiff,**

**-v-**

                                              **Case No.: 6:10-CV-01550-GAP-GJK**

**MIDLAND CREDIT**
**MANAGEMENT,**

    **Defendant.**

_____/

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this court to dismiss plaintiff Feechjee Felicia A. Coon's ("Plaintiff") complaint. In support of its motion, Midland states the following:

## I. INTRODUCTION

Plaintiff filed suit in the County Court for Seminole County, Florida, on September 24, 2010. Plaintiff used a form complaint[1] and alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). *See* Complaint, hereinafter referred to as Doc. 2. Midland removed the action, on the basis of federal question jurisdiction, to the District Court for the Middle District of Florida, Orlando division, on October 18, 2010. Plaintiff's complaint, which alleges violations of "FCRA Section 632, FCRA Section [sic], FCRA Section 605, FDCPA Section 809(b), FDCPA Section 806, FCRA Section 604(A)(3)" does not allege facts showing violations of those statutory provisions. *See* Doc. 2. Plaintiff's complaint does not meet the pleading standards set by Fed. R. Civ. P. 8 and recently clarified by the United States Supreme Court in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*. Accordingly, Plaintiff's complaint must be dismissed.

## II. STANDARD OF REVIEW

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its

---

[1] Form SCa0709.001, provided by the County Court for Seminole County, Florida.

consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F. 3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F. 2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Supreme Court has recently stated that Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."  *Weissman v. Nat'l Assoc. of Secs. Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (internal

quotations omitted) (quoting *Twombly*, 550 U.S. at 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F. 3d 53, 56 (1st Cir. 1999)). Finally, the Supreme Court has noted that Plaintiffs must "nudge[] [their] claims across the line from conceivable to plausible, [otherwise, their] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III. ARGUMENT

#### A. Plaintiff's Complaint Does Not Meet the Standards of Fed. R. Civ. P. 8.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provide that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' claims fall well below the pleading floor set by the Federal Rules of Civil Procedure, as well as binding Supreme Court and Eleventh Circuit precedent. Specifically, Plaintiff fails to state, in her complaint, how her sparse factual narrative constitutes a violation of any of the statutory provisions that she cites.

Federal law sets forth a floor of acceptability beneath which no complaint may travel and makes clear that pleading requires more than conclusory allegations. *See Twombly*, 550 U.S. at 556; *see also Iqbal*, 129 S.Ct. at 1945-50; *Davis v. Coca Cola Bottling Co.*, 516 F.3d 955 (11th Cir.

2008). In *Davis*, the Eleventh Circuit Court of Appeals stated that the purpose of Rule 8(a)(2) of the Federal Rules of Civil Procedure is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis*, 516 F.3d at 973 (quoting *Twombly*, 550 U.S. at 555). "To that end, a complaint's '[f]actual allegations must be enough to raise a right of relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). Recently, when deciding whether a complaint alleging FDCPA violations was sufficient under Fed. R. Civ. P. 8 and 12(b)(6), the court in *Tucker v. Malcolm S. Gerald and Associates, Inc.* stated the following:

> The *Iqbal* Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense. A complaint has *alleged* but has not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.

No. 3:09-cv-1183-J-12JRK, 2010 WL 1223912, at *2 (M.D. Fla. Mar. 24, 2010). Plaintiff's claims in the instant case fall well below the floor of acceptability set by *Twombly*, *Iqbal*, and *Davis*; therefore, dismissal is proper under the circumstances.

Plaintiff's complaint fails to provide Midland with sufficient notice of the allegations and claims against it. The complaint is devoid of any

connection between Plaintiff's brief narrative and the alleged statutory violations. Rather, Plaintiff simply states certain categories of law that she alleges Midland violated. Midland cannot create a meaningful answer to the allegations without knowing how any factual allegations connect to the specific statutory provisions and legal theories under which Plaintiff is attempting to proceed. Plaintiff states that Midland has violated the FDCPA and the FCRA but fails to articulate the statutory violations. *See* Doc. 2. Such allegations simply do not meet the minimum standards for pleading set out in Fed. R. Civ. P. 8.

Midland recognizes that Plaintiff used a form provided for use in the Seminole county court and that she is pro se. Nonetheless, Plaintiff must meet the federal pleading standards. Complaints created using forms that do not state adequate factual allegations should be dismissed. *See generally Johnson v. Bank of America/Countrywide*, No. 5:10cv06/RS-AK, 2010 WL 3476449, at *1 (N.D. Fla. September 2, 2010) (internet form with few factual allegations); *Franklin v. Massey*, No. 2:10cv12-MEF, 2010 WL 992616, at *1 (M.D. Ala. Jan. 12, 2010) (pre-printed form complaint). Even a *pro se* plaintiff "must comply with the procedural rules governing the proper form of pleadings." *Muhammad v. Option One Mortg. Corp.*, No.

1:10-CV-00096-SC, 2010 U.S. Dist. LEXIS 67528, at *5 (M.D. Ala. July 6, 2010); *Feldkamp v. Kaleckini*, No. 8:09-cv-01371-EAK-MAP, 2010 U.S. Dist. LEXIS 86436, at *1-2 (M.D. Fla. Aug. 23, 2010).  Here, Plaintiff has failed to meet the pleading standards set out by Fed. R. Civ. P. 8 and clarified by the United States Supreme Court in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*.  Accordingly, Plaintiff's complaint must be dismissed.

    A. **Plaintiff's Fair Credit Reporting Act (FCRA) Claim Should be Dismissed For Failure to State a Claim upon Which Relief Can Be Granted**

Plaintiff fails to state an FCRA claim against Midland.  Plaintiff states in her Complaint that she is suing Midland for violations of Sections 605[2] and 632 [sic] of the FCRA, the common acronym for the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.  However, Plaintiff fails to allege any conduct on the part of Midland that would support a viable cause of action under the FCRA.

Section 605 of the FCRA (usually referred to as §1681c) is titled "Requirements relating to information contained in consumer reports" and is

---

[2] The Federal Trade Commission has prepared a version of the FCRA that uses section numbers (§§ 601-625) that differ from the FCRA as it appears in the U.S. Code at 15 U.S.C. §1681 *et seq*.  The Plaintiff has referenced the sections numbers from the FTC's published version of the FCRA.

directed entirely to the conduct of consumer reporting agencies.  15 U.S.C. § 1681c.  The FCRA defines a consumer reporting agency as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).  Midland is not a consumer reporting agency as defined by the FCRA and Plaintiff alleges no facts to support the contention that Midland is a consumer reporting agency subject to the requirements of Section 1681c.  As such, Plaintiff has not stated a claim against Midland for violation of Section 1681c of the FCRA.

Plaintiff also claims that she is suing Midland for violation of Section 632 [sic] of the FCRA. While there is no Section 632 of the FCRA, Section 623 (usually referred to as §1681s-2) is the only section that imposes obligations on persons like the Midland that furnish information to consumer reporting agencies.  Section 1681s-2(a) requires furnishers of information to accurately report information to consumer reporting agencies and section 1681s-2(b) imposes a duty to investigate upon notice from a consumer

reporting agency that a consumer has disputed information contained in the report.  15 U.S.C. §1681s-2(a)-(b).

The FCRA itself clearly states that there is no private right of action for violations of §1681s-2(a), which requires the furnisher to accurately report information.  15 U.S.C. §1681s-2(c)-(d).  *See Carruthers v. Am. Honda Fin. Corp.*, No. 4:10cv7-RH/WCS, 2010 U.S. Dist. LEXIS 67349, at *5 (N.D. Fla. June 3, 2010).  As such, Plaintiff cannot sue Midland for allegedly providing "erroneous and inaccurate information" to consumer reporting agencies.

A consumer can bring a private action for violation of §1681s-2(b), which imposes a duty to investigate a consumer's dispute, but "**only** if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Peart v. Shippie*, 2009 WL 2435211 (11th Cir. 2009) (emphasis added); 15 U.S.C. §1681s-2(b)(1).  Neither the facts nor the conclusion contained in Plaintiff's Complaint support a claim for a violation of §1681s-2(b). Here, Plaintiff simply alleges that Midland is "willing-fully [sic] continue [sic] to report erroneous and inaccurate information to credit [sic]."  The Complaint contains no allegation of fact indicating that Midland received notice from a consumer reporting agency of Plaintiff's dispute and

no allegation of fact indicating that Midland failed to investigate the dispute as required by the FCRA.  For all of these reasons, Plaintiff has failed to state a claim against Midland for violation of the FCRA and Plaintiff's FCRA claim should be dismissed, or alternatively, Plaintiff must be required to provide Midland with a more definite statement.

   B.   **Plaintiff's Fair Debt Collection Practices Act Should be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.**

Plaintiff states in her Complaint that she is suing Midland for violations of Sections 806[3] and 809(b) of the FDCPA, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.  But again, Plaintiff fails to allege any conduct on the part of the Midland that violates the provisions of the FDCPA.

Section 806 of the FDCPA (usually referred to as §1692d), prohibits a debt collector from engaging in conduct "the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  *See* 15 U.S.C. §1692d.  Not only does Plaintiff fail to describe the conduct that caused her to be harassed, oppressed or abused, but

---

[3] The Federal Trade Commission has prepared a version of the FDCPA that uses section numbers (§§ 801-819) that differ from the FDCPA as it appears in the U.S. Code at 15 U.S.C. §1692 *et seq*.  The Plaintiff has referenced the sections numbers from the FTC's published version of the FDCPA.

nowhere in the Complaint does she state that she *was* harassed, oppressed or abused.  A plaintiff cannot state a claim for relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.  Here, not only are the allegations of misconduct absent, but so are any allegations of the injury the misconduct may have caused.  Plaintiff's claim that Midland violated §1692d of the FDCPA fails to state a plausible claim for relief and should be dismissed.

Plaintiff also states that she is suing Midland for violation of Section 809(b) of the FDCPA (usually referred to as §1692g(b)).  Section 1692g provides as follows:

> (a)   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b)  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. §1692g.

Again, Plaintiff has utterly failed to allege any conduct on the part of Midland that is in violation of §1692g.  Plaintiff does not allege that Midland failed to send the written notice required by §1692g(a).  Instead,

Plaintiff appears to assert a claim for violation of subsection (b) following her alleged "dispute"[4] of the debt.

The obligations of subsection (b), however, are only imposed on a debt collector "[i]f the consumer notifies the debt collector in writing within thirty-day period described in subsection (a)."  *Id*.  Plaintiff's Complaint contains no allegation suggesting that her written notification to Midland disputing the debt was made within thirty days of Midland's written notice to her.  This allegation is intentionally absent from the Complaint because Plaintiff's written notification was <u>not</u> within the time permitted by subsection (b).  Plaintiff should not be permitted to avoid dismissal here simply by omitting an allegation of a fact that, if plead truthfully, would subject the Complaint to dismissal on its face.  Such an allegation is a threshold requirement for entitlement to relief under the statute, and must be plead in order to state a claim for relief.  As such, Plaintiff's Complaint fails to state a claim under §1692g upon which relief may be granted and the Complaint must be dismissed.

---

[4] Neither Plaintiff's Complaint, nor the correspondence attached to the Complaint from Plaintiff to Midland, offer any facts whatsoever to explain the basis for Plaintiff's dispute of the debt.

In addition to the foregoing, Plaintiff's FDCPA claim must also be dismissed based on her failure to plead specific elements of the claim. The FDCPA requires that a plaintiff show that the defendant is a "debt collector" under the FDCPA. *See Madura v. Lakebridge Condo. Ass'n*, No. 09-11636, 2010 U.S. App. LEXIS 12141, at *4 (11th Cir. June 14, 2010); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190-91 (11th Cir. 2010). Similarly, the statute only applies when a plaintiff alleges a "debt." *LeBlanc*, 601 F.3d at 1187 n. 2. This court has made it clear that formulaic recitations that a defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) are inadequate. For example, the *Dokumaci* court wrote:

> Dokumaci's Amended Complain is insufficient because it **merely asserts the legal conclusion that Dokumaci is a consumer and MAF is a debt collector, as defined by 15 U.S.C. § 1692(a). But the Amended Complaint does not plead sufficient facts to support these legal conclusions**. To establish the first element of the claim, Dokumaci merely pleads that "Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Midland, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5)." (Doc. 13 P 8.) **The law insists that Dokumaci plead facts to establish the nature of the debt for substantive reasons--not simply to be nit-picky. The FDCPA applies to certain types of debts, but not others. If Dokumaci does not plead facts that establish the nature of the debt, then MAF cannot evaluate whether Dokumaci has stated a claim under FDCPA.** Dokumaci's pleading that Mease Hospital was the original creditor of the $ 38 debt (Doc. 13 P 12) does not sufficiently allege facts to give MAF fair notice of the nature of

the debt. This fact only reveals the identity of the creditor, not the nature of the debt.

*Dokumaci v. MAF Collection Servs.*, No.: 8:09-cv-02488-T-24-TGW, 2010 U.S. Dist. LEXIS 60166, at *3-4 (M.D. Fla. June 17, 2004). *See also Dokumaci v. MAF Collection Servs.*, No.: 8:09-cv-02488-T-24-TGW, 2010 U.S. Dist. LEXIS 37107, at *3 (M.D. Fla. Apr. 14, 2010); *Tucker v. Malcolm S. Gerald & Assocs.*, No.: 3:09-cv-1183-J-12JRK, 2010 U.S. Dist. LEXIS 28163, at *3-7 (M.D. Fla. Mar. 24, 2010); *Sullivan v. CTI Collection Servs.*, No.: 8:09-cv-365-T-30TGW, 2009 U.S. Dist. LEXIS 47206, at *3-4 (M.D. Fla. June 5, 2009). Plaintiff has not met her burden to plead facts alleging that Midland is a debt collector under the FDCPA. Instead, her complaint lists only "threadbare recitals" asserting that Midland violated the FDCPA. *See* Doc. 2.

Plaintiff's complaint does not even allege that Midland is a "debt collector" under the FDCPA, that she is a "consumer" as defined by the FDCPA or that the subject debt is a "debt" under the FDCPA. Instead, the Complaint skips these requirements altogether. Doc. 2. Such a pleading is inadequate under the federal pleading standards. *See*, *e.g.*, *Dokumaci*, 2010 U.S. Dist. LEXIS 60166, at *3-4.

Because Plaintiff has failed to state an FDCPA claim against Midland and failed to comply with the pleading standards of this Court, Plaintiff's FDCPA claims must be dismissed, or alternatively, Plaintiff must be required to provide Midland with a more definite statement.

## IV. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Midland respectfully requests that this court issue an order granting Midland's motion to dismiss.

Respectfully submitted,

s/ R. Frank Springfield
R. Frank Springfield (FL Bar # 0010871)
Christine Irwin Parrish (FL Bar # 0014404)
BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone: (407) 244-0888
Facsimile: (407) 244-0889
fspringf@burr.com
cparrish@burr.com

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax, or email on this the 25th day of October, 2010:

Feechjee Felicia A. Coon
951 Salt Pond Place 203
Altamonte Springs, FL  32714
(321) 663-1032

                                                    s/ R. Frank Springfield
                                                    OF COUNSEL